IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAMONT DADE,** | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| | : | |
| v. | : | No. 19-4718 |
| | : | |
| **TAMMY FERGUSON, et al.,** | : | |
| *Defendants.* | : | |

**MEMORANDUM**

**I. FACTS**

Plaintiff Lamont Dade, a prisoner incarcerated at SCI Houtzdale, alleges that prison officials, including Defendant Superintendent Ferguson and other unknown Defendants, lost his property when he was transferred temporarily to SCI Phoenix for a court appearance before being transferred back to SCI Houtzdale. ECF No. 1 at 11. Plaintiff alleges that the loss and failure to locate his property violated his Constitutional rights. *Id*.

On April 8, 2019, Plaintiff alleges that he packed up his property in anticipation of being transferred to another prison for a court appearance. *Id*. at 12. This property consisted of "twelve years of legal paperwork and family photos," including photos of Plaintiff's mother who had passed away, which Plaintiff alleges were irreplaceable. *Id*. The Complaint alleges that the Receiving and Discharge Department ("R&D Department") at SCI Houtzdale issued Plaintiff a

property receipt for this property, which it filed in its records. *Id*. Plaintiff alleges that he was transferred to SCI Phoenix on April 9, 2019 via Pennsylvania Department of Corrections Transfer bus. *Id*. Upon arrival, Plaintiff alleges he was placed into segregation for "non-punitive reasons" and observed "every other inmate receive their property." *Id*. When Plaintiff did not receive his property, Plaintiff alleges that he asked where his property was but was "informed they 'didn't know.'" *Id*. Plaintiff alleges that he complained several times to SCI Phoenix and submitted several request slips inquiring as to the location of his property "to no avail." *Id*. On April 17, 2019, while being seen by the Segregation Committee for "unrelated reasons," Plaintiff asked where his property was located, but the Segregation Committee responded that his property "could not be located." *Id*.

On April 22, 2019, Plaintiff alleges he was transferred to Philadelphia County for his court appearance. *Id*. Plaintiff alleges that he spoke with the transport guard who told Plaintiff that he remembered taking Plaintiff's property off of the bus at SCI Phoenix and giving it to the R&D Department. *Id*. Plaintiff alleges that the transport guard informed him that other inmates had lost their property in a transfer and that the transport guard would be available as a witness if Plaintiff needed one. *Id*. Plaintiff alleges that he returned to SCI Phoenix from Philadelphia on April 30, 2019 "after having to request the Court to continue his

case due to the loss of all his legal work." *Id*. Plaintiff alleges that he spoke with a Lieutenant and was informed "they are still trying to locate Plaintiff's property." *Id*. Plaintiff alleges that, on May 14, 2019, Plaintiff was transferred back to SCI Houtzdale without any of his property. *Id*. Plaintiff alleges that after he returned to SCI Houtzdale, he "commenced the due process offered by the" Department of Corrections, but it was "abridged and prevented at every level." *Id*. Ultimately, Plaintiff alleges he was informed that the Records Department had lost his property receipt. *Id*.

Plaintiff alleges that his Fourteenth Amendment "was violated when the staff and administration at SCI Phoenix failed to afford Plaintiff an adequate due process when he was deprived of his personal property." *Id*. at 13. Plaintiff contends that he requested help in finding his property but he was "denied any relief without any investigation." *Id*.

Plaintiff alleges that his Eighth Amendment rights were violated when Defendants intentionally deprived him of his possessions, because these items were "irreplaceable and so sentimental that without certain pictures of deceased loved ones, he has lost connection to be refused [sp] the protection of officers while acting under color of law [which] renders Plaintiff traumatic that he nor his property could ever be safe thus subjecting him to cruel and unusual punishment." *Id*.

Plaintiff alleges that the First and Seventh Amendments of the Constitution grant him "the right to 'petition our Government for a regress of grievances,' and the right to bring before a jury any property loss when the value in controversy exceeds twenty dollars." *Id*. Plaintiff alleges that he attempted to "grieve this deprivation to the administration of his control," but "when Plaintiff was denied his Constitutional rights . . . judicial intervention was necessary." *Id*.

Lastly, Plaintiff alleges that he is an "inmate incarcerated and retained by the People," and "he avers that even a minimal right in our U.S. Constitution should protect him and his property, and an adequate right to 'due process' without prejudice should be afforded," under the Ninth Amendment. *Id*. Plaintiff requests $300,000 in compensatory relief for his lost property, as well as injunctive relief. *Id*. at 14.

## II. STANDARD

When reviewing a motion to dismiss, the Court "accept[s] as true all allegations in plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and [the court] construes them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n. 27 (3d Cir. 2010)). "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 557)). "The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786-87 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

Finally, courts reviewing the sufficiency of a complaint must engage in a three-step process. First, the court "must 'take note of the elements [the] plaintiff must plead to state a claim.'" *Id.* at 787 (alterations in original) (quoting *Iqbal*, 556 U.S. at 675, 129 S. Ct. 1937). "Second, [the court] should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679, 129 S. Ct. 1937). Third, '"[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* (alterations in original) (quoting *Iqbal*, 556 U.S. at 679, 129 S. Ct. 1937).

Where a Plaintiff appears pro se, the Court must construe the allegations in the Complaint liberally. *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir.

-

2011), *as amended* (Sept. 19, 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established."). The Court is "especially likely to be flexible when dealing with imprisoned pro se litigants [since] [s]uch litigants often lack the resources and freedom necessary to comply with the technical rules of modern litigation." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "Yet there are limits to our procedural flexibility. . . *pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Id*.

Furthermore the "court may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action." *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980). "[A] district court may sua sponte dismiss a complaint under Rule 12(b)(6) after service of process only if the plaintiff is afforded an opportunity to respond. *Bethea v. Nation of Islam*, 248 F. App'x 331, 333 (3d Cir. 2007).

### III.  DISCUSSION

Defendant Superintendent Tammy Ferguson contends that Plaintiff failed to state a claim under 42 U.S.C. § 1983, first, because Plaintiff failed to plead any personal involvement by Defendant Superintendent Ferguson. ECF No. 5. Defendant Superintendent Ferguson further contends that Plaintiff failed "to make

any factual allegations that would amount to a violation of rights afforded by §1983." *Id*. at 10.

However, Plaintiff also named as Defendants "[t]he unknown officer[]s and inmates who made off with the property in this case and any others who helped facilitate in the wanton deprivation." ECF No. 1 at 11.  Defendant Superintendent Ferguson's Motion to Dismiss moves to dismiss only the claims made against Defendant Superintendent Ferguson.  ECF No. 5 at 2.  Defendant Superintendent Ferguson states, "Plaintiff names 'Unknown Officers' as defendants to this action . . . [but] [w]ithout being able to identify these individuals, they are not eligible for Commonwealth representation."  *Id*.

Therefore, granting Defendant's Motion to Dismiss would not entirely dismiss this action.  Thus, the Court must either maintain the action against Defendant Superintendent Ferguson to allow Plaintiff discovery to identity the unrepresented Defendants, *see Davis v. Kelly*, 160 F.3d 917, 921–22 (2d Cir. 1998), or grant Defendant Superintendent Ferguson's Motion to Dismiss and also sua sponte dismiss the unnamed and unrepresented Defendants, *see Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002).

    1. <u>42 U.S.C. § 1983</u>

Plaintiff Dade filed his Complaint pro se and therefore this Court "must liberally construe his pleadings, and . . . 'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs,* 165 F.3d 244, 247–48 (3d Cir. 1999)).

Plaintiff alleges violations of his rights under the Constitution, which Plaintiff may invoke by bringing suit under 42 U.S.C. § 1983. *See* ECF No. 1. "Section 1983 is not a source of substantive rights, but merely a means of vindicating violations of federal constitutional and statutory rights committed by state actors." *Hall-Wadley v. Maint. Dep't*, 386 F. Supp. 3d 512, 516 (E.D. Pa. 2019) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995)). Thus, despite not mentioning it by name, Plaintiff has brought suit under 42 U.S.C. § 1983 for alleged violations of his rights under the First, Seventh, Eighth, Ninth, and Fourteenth Amendments against Defendant Superintendent Ferguson and other unknown Defendants.

"To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (citing *Kneipp v. Tedder,* 95 F.3d 1199, 1204 (3d Cir. 1996)). "The first step in evaluating a section 1983 claim is to 'identify the

exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Id*. (quoting *County of Sacramento v. Lewis,* 523 U.S. 833, 841 n. 5 (1998)).  "A plaintiff cannot obtain redress under § 1983 without establishing an underlying violation of a federal constitutional or statutory right." *Hall-Wadley,* 386 F. Supp. 3d at 516 (citing *City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 119–20 (2005)).

    2. <u>Fourteenth Amendment Claim</u>

Plaintiff first alleges that Defendants violated his Fourteenth Amendment rights when the "staff and administration" failed to afford Plaintiff "adequate due process" after he "was deprived of his personal property." ECF No. 1 at 13.[1]  The Due Process clause of the Fourteenth Amendment states, "[N]or shall any State deprive any person of life, liberty, or property, without due process of law."

---

[1] Plaintiff seems to reiterate his claim for violation of his Due Process rights in ¶ 15 of the Complaint, in which Plaintiff alleges that, as an "inmate incarcerate and retained by the people," he has a right to protection for himself and his property, as well as to due process because the Ninth Amendment states that the "enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." ECF No. 1 at 13.  Even if Plaintiff had intended to state a separate Ninth Amendment claim, this Court, along with others, "is not aware of any authority that would provide a basis for a claim under the Ninth Amendment based on the destruction of an inmate's personal property." *Mayo v. Corr. Emergency Response Team*, 2018 WL 6524247, at *4 (E.D. Pa. Dec. 12, 2018); *see also Perry v. Lackawanna Cty. Children & Youth Servs.*, 345 F. App'x 723, 726 (3d Cir. 2009) ("[T]he Ninth Amendment does not independently provide a source of individual constitutional rights.").  Accordingly, if Plaintiff had intended to state a separate Ninth Amendment claim, the Court will dismiss Plaintiff's Ninth Amendment claim as to all Defendants.

"Historically, this guarantee of due process has been applied to *deliberate* decisions of government officials to deprive a person of life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 331 (1986) (emphasis in original).  Thus, "[w]here a government official's act causing injury to life, liberty, or property is merely negligent, no procedure for compensation is constitutionally required." *Id*. at 333 (internal quotations and citations omitted).  The "Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Id*.

Even where an individual is "deprived" of property within the meaning of the Due Process Clause of the Fourteenth Amendment, while "a prison grievance procedure is not a constitutionally mandated right, [it] is sufficient for a post-deprivation remedy, and the allegedly improper handling of grievances does not constitute a claim under § 1983." *Wongus v. Corr. Emergency Response Team*, 389 F. Supp. 3d 294, 301 (E.D. Pa. 2019).

Here, Plaintiff alleges that his Fourteenth Amendment right were "violated when the staff and administration at SCI Phoenix failed to afford Plaintiff an adequate due process when he was deprived of his personal property."  ECF No. 1 at 13.  Plaintiff alleges that he requested help in finding his property but he was "denied any relief without any investigation."  *Id*.  Plaintiff further alleges that he "attempted to exhaust administrative remedies in accordance with DC-ADM-804

but was denied relief from SCI Phoenix . . . for not happening at [Superintendent Ferguson's] facility." *Id*.

Defendant Superintendent Ferguson contends, "Plaintiff has alleged no facts that would indicate that Superintendent Ferguson directed any corrections officers to intentionally deprive Plaintiff of his property." ECF No. 5 at 9. Defendant Superintendent Ferguson further contends, "Plaintiff in the instant matter utilized the grievance procedure available to him after the alleged deprivation of his property and therefore sufficiently showed that he had a post-deprivation remedy, negating his claim of a violation of the Due Process Clause." *Id*. at 10.

This Court finds that Plaintiff was not "deprived" of property under the Fourteenth Amendment, and therefore no due process was required. The Supreme Court has held that "negligent conduct by a state official, even though causing injury" does not "constitute[] a deprivation under the Due Process Clause." *Daniels*, 474 U.S. at 331. Plaintiff has alleged only that prison officials lost his property during transport, but the Supreme Court has specifically held that "the actions of prison custodians in . . . mislaying an inmate's property, are quite remote from the [due process] concerns just discussed." *Id*. at 332. "Far from an abuse of power, lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person." *Id*.

Plaintiff has alleged no more than a lack of due care on the part of prison officials.  Therefore, Plaintiff has failed to show that he was "deprived" of his property and is not entitled to due process under the Fourteenth Amendment.

Even if Plaintiff had alleged a deprivation under the Fourteen Amendment, Plaintiff has not alleged a lack of post-deprivation remedies.  Plaintiff alleged only that the post-deprivation remedies were unsuccessful in recovering his property. *See* ECF No. 1 at 12 (alleging that he "commenced the due process procedure offered by the [Department of Corrections] but was abridged and prevented at every level, even being informed that the Record Department lost the original property receipt, negl[i]gence that is an obvious confirmation of conspiracy.")

"A prison grievance procedure is not a constitutionally mandated right, but is sufficient for a post-deprivation remedy, and the allegedly improper handling of grievances does not constitute a claim under § 1983."  *Wongus*, 389 F. Supp. 3d at 301.  Plaintiff has alleged that he had access to the prison grievance procedure, and any claim that the prison improperly handled or denied his grievance does not constitute a claim under § 1983 for violation of Plaintiff's Fourteenth Amendment rights.  Therefore, Defendant Superintendent Ferguson's Motion to Dismiss Plaintiff's Fourteenth Amendment claim is granted as to Defendant Superintendent Ferguson.  As "no set of facts could be adduced to support the plaintiff's claim for

relief" under § 1983 and the Fourteenth Amendment, the Court also sua sponte dismisses this claim against the unknown Defendants. *Bryson*, 621 F.2d at 559.

### 3. Eighth Amendment

Plaintiff next contends that he was subjected to cruel and unusual punishment when Defendants lost his "irreplaceable" and "sentimental" property. ECF No. 1 at 13. A prison official violates the Eighth Amendment's prohibition on cruel and unusual punishment where (1) the conditions are "objectively, sufficiently serious" such that a "prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities," and (2) the prison official has a "sufficiently culpable state of mind," which "is one of deliberate indifference to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (citations and internal quotation marks omitted).

Courts in this District have found that "the destruction of property does not equate to a sufficiently serious deprivation that would give rise to a claim under the Eighth Amendment." *Miller v. Ferguson*, 2019 WL 4933404, at *2–4 (E.D. Pa. Oct. 4, 2019) (citing *Payne v. Duncan*, 2017 WL 542032, at *9 (M.D. Pa. Feb. 9, 2017) ("Plaintiff's claim for destruction of property under the Eighth Amendment does not constitute a deprivation of life's necessities."), *aff'd*, 692 F. App'x 680 (3d Cir. 2017); *Dean v. Folino*, 2011 WL

4527352, at *3 (W.D. Pa. Aug. 22, 2011) (allegations regarding destruction of property did not state Eighth Amendment claim), *report and recommendation adopted,* 2011 WL 4502869 (W.D. Pa. Sept. 28, 2011)).

Plaintiff alleges that Defendants intentionally deprived him of property that was "irreplaceable and so sentimental that without certain pictures of deceased loved ones," he was "refused the protection of officers," which was "traumatic" to him such that he felt that neither "he nor his property could ever be safe thus subjecting him to cruel and unusual punishment." ECF No. 1 at 13.

Defendant Superintendent Ferguson contends Plaintiff did not allege that "he was deprived of essential human needs, nor that Superintendent Ferguson acted with deliberate indifference to inmate health or safety, and thus, [Plaintiff] does not state a claim for cruel and unusual punishment." ECF No. 5 at 11. (citing *Thomas v New Mexico Corr. Dept.*, 272 Fed. Appx. 727, 730 (10th Cir. 2008)).

This Court finds that Plaintiff has failed to state a claim for violation of the Eighth Amendment's prohibition of cruel and unusual punishment against Defendant Superintendent Ferguson or any of the unknown Defendants. The alleged loss of legal paperwork and family photos is not "objectively, sufficiently serious," such that Plaintiff was denied "the minimal civilized measure of life's necessities." See *Wongus*, 389 F. Supp. 3d 294, 300 (E.D. Pa. 2019) ("The alleged confiscation of Plaintiff's family photographs does not deprive Plaintiff of the

necessities of life for purposes of an Eighth Amendment claim.") (citing *Durham v. Dep't of Corr.*, 173 F. App'x 154, 156 (3d Cir. 2006) (affirming District Court's dismissal of claim for violation of Eighth Amendment where Plaintiff was deprived of religious paintings and was subjected to religious slurs.))

Plaintiff has further failed to allege that Defendant Superintendent Ferguson or any of the unknown Defendants acted with "deliberate indifference to inmate health or safety" in allegedly losing Plaintiff's property. *Farmer,* 511 U.S. at 834. Therefore Defendant Superintendent Ferguson's Motion to Dismiss Plaintiff's Eighth Amendment claim is granted. Furthermore, as "no set of facts could be adduced to support the plaintiff's claim for relief" under § 1983 and the Eighth Amendment, the Court also sua sponte dismisses this claim against the unknown Defendants. *Bryson*, 621 F.2d at 559.

4. First and Seventh Amendments

Plaintiff next alleges that the First and Seventh Amendments of the "U.S. Constitution grant[] the right to 'petition our government for a redress of grievances,' and the right to bring before a jury any property loss when the value in controversy exceeds twenty dollars." ECF No. 1 at 13. Plaintiff alleges that he "attempted to grieve this deprivation to the administration of his control," however

"Plaintiff was denied his Constitution[al] rights," and therefore "judicial intervention was necessary." *Id*.

Liberally construed, Plaintiff may be seeking to state a claim alleging a violation of Plaintiff's right of access to the courts for a claim Plaintiff was pursuing in another Court, as Plaintiff claims that he was required to "request [that] the Court continue his case due to the loss of all his legal work." ECF No. 1 at 12.

Prisoners retain a right of access to courts under the First and Fourteenth Amendments. *See Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Id*. (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)).

Defendant Superintendent Ferguson contends, "Plaintiff did not allege any facts that the documents contained in the missing boxes would have furthered his claim that was non-frivolous or arguable," and therefore must be dismissed. ECF No. 5 at 10.

Plaintiff alleges only that he had to request that the Court continue his case because he did not have his legal paperwork, not that he was unable to make

certain claims in that case, nor that any of his claims were non-frivolous or arguable. Plaintiff also failed to allege that he had no other remedy to compensate him for his allegedly lost paperwork. Therefore Plaintiff has failed to allege that he suffered an "actual injury" because his legal paper was allegedly lost, and therefore this claim must be dismissed. This Court grants Defendant Superintendent Ferguson's Motion to Dismiss as to this claim. As "no set of facts could be adduced to support the plaintiff's claim for relief" under § 1983 and the right of access to courts, the Court also sua sponte dismisses this claim against the unknown Defendants. *Bryson*, 621 F.2d at 559.

## IV.  CONCLUSION

Defendant Superintendent Ferguson's Motion to Dismiss is granted.[2]  This Court further sua sponte dismisses all claims against all unknown Defendants and

---

[2] Defendant Superintendent Ferguson also moved to dismiss Plaintiff's Complaint, contending, "Plaintiff has failed to sufficiently allege §1983 claims against Superintendent Ferguson as Plaintiff has not alleged any facts to show that there was any personal involvement on behalf of Superintendent Ferguson, or that there was any conduct that violated any of Plaintiff's constitutional rights." ECF No. 5.  Since there has been no discovery to ascertain the identities of the unnamed, unrepresented Defendants, dismissing the Complaint on this basis would be premature.  *See Davis v. Kelly*, 160 F.3d 917, 921–22 (2d Cir. 1998) ("After an opportunity for discovery, undisputed allegations that the supervisor lacked personal involvement will ultimately suffice to dismiss that official from the case . . . but such dismissal is premature where the opportunity to identify those involved has not yet been accorded.").  Furthermore, as the Court has found that Plaintiff failed to state a "violation of a right protected by the Constitution or laws of the United States" pursuant to § 1983, this argument is moot.

dismisses Plaintiff's Complaint in its entirety, without prejudice.³  An appropriate order will follow.

**DATED: April 22, 2020**                                      **/s/ Chad F. Kenney**

                                                       **CHAD F. KENNEY, JUDGE**

---

[3] Defendant Superintendent Ferguson also contends that Plaintiff's claim for injunctive relief must be dismissed because "Plaintiff is not currently an inmate at SCI-Phoenix, where the alleged property deprivation occurred." ECF No. 5 at 11. However, "an injunction is a remedy rather than a cause of action." *Chruby v. Kowaleski*, 534 F. App'x 156, 160 (3d Cir. 2013) (citing *Birdman v. Office of the Governor*, 677 F.3d 167, 172 (3d Cir.2012)). Therefore, the Court need not separately dismiss Plaintiff's request for injunctive relief.