IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAMONT DADE,** | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| | : | |
| v. | : | No. 19-4718 |
| | : | |
| **TAMMY FERGUSON, et al.,** | : | |
| *Defendants.* | : | |

**MEMORANDUM**

**Kenney, J.**                                                                                                   **April 21, 2022**

### I.     BACKGROUND

On August 30, 2019,[1] Plaintiff Lamont Dade, who at that time was an incarcerated prisoner at SCI Houtzdale, brought suit against Defendant Superintendent Ferguson and other unknown Defendants, alleging that Defendants lost his personal property when he was transferred temporarily to SCI Phoenix for a court appearance before being transferred back to SCI Houtzdale. ECF No. 1 at 11. Plaintiff Dade alleged that the loss of his personal property constituted various constitutional violations.[2] ECF No. 1. Specifically, Plaintiff alleged that the loss of his property violated his Fourteenth Amendment right to due process, his Eighth Amendment right against cruel and unusual punishment, his alleged combined First and Seventh Amendment "right to 'petition our Government for a regress of grievances,' and the right to

---

[1] This case was initially filed in the Court of Common Pleas of Montgomery County (captioned *Lamont Dade v. Tammy Ferguson, et al.*, Docket No. 18-21411) and was removed to the United States District Court for the Eastern District of Pennsylvania on October 10, 2019. *See* ECF No. 1.

[2] Although Plaintiff Dade did not identify the claims as being brought pursuant to 42 U.S.C. § 1983, given his pro se status, the Court construed them as such. ECF No. 13 at 8.

bring before a jury any property loss when the value in controversy exceeds twenty dollars,' " as well as his alleged separate Ninth Amendment right to due process. ECF No. 1 at 12.

On October 22, 2019, Defendant Superintendent Ferguson filed a Motion to Dismiss (ECF No. 5), and on April 22, 2020, this Court granted that Motion and dismissed all claims against Defendant Superintendent Ferguson. ECF Nos. 13, 14. At the same time, the Court also *sua sponte* dismissed all claims against the unnamed Defendants finding that Plaintiff had "failed to state a violation of a right protected by the Constitution or laws of the United States" pursuant to §1983, and that thus maintaining the action to permit discovery into the unnamed Defendants was not required. *See generally* ECF Nos. 13, 14; *see also* ECF No. 13 at 17 n. 2. The case was accordingly dismissed in its entirety, without prejudice, and closed. ECF Nos. 13, 14.

Now, approximately two years after the case was terminated, Plaintiff Lamont Dade has filed four motions effectively asking this Court for an extension of time to file an amended complaint to identify and name the unnamed Defendants. More specifically, on April 11, 2022, Plaintiff Dade filed a Motion for Extension of Time, in which he requests an extension of time to complete an amended complaint and to identify unknown Defendants (ECF No. 19) and a Motion for Amended Complaint (ECF No. 20), in which he asks to amend the Complaint to identify unknown Defendants. On April 15, 2022, Plaintiff Dade filed a Motion for Discovery (ECF No. 21) requesting discovery to find unknown defendants and a Motion to Amend Complaint (ECF No. 22) asking to amend the complaint to add the following names: "Transporting Officer of SCI Phoenix – C/O Graves"; "Q.M. ail Unite Manager of R.H.U./P.R.C. Commitee [sic]"; "N. Miller – P.R.C. Committee [sic]" and "Sgt. Greene for the R.H.U./L-5 unit." *See* ECF Nos. 19, 20, 21, 22.

For the following reasons, this Court will deny all four of Plaintiff Dade's pending Motions.

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a)(2) "a party may amend its pleading ... with the opposing party's written consent or the court's leave." Additionally, leave to amend is to be freely granted unless there is a reason for denial, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Arthur v. Maersk*, 434 F.3d 196, 204 (3d. Cir. 2006) ("Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility.").

The Third Circuit has made clear that district courts "should freely give leave to amend when justice so requires." *Schomburg v. Dow Jones & Co.*, 504 F. App'x 100, 103 (3d Cir. 2012) (citing Rule 15(a)(2)) (internal alterations omitted). "Thus, leave to amend ordinarily should be denied only when amendment would be inequitable or futile." *Id.* "[T]hese principles apply equally to pro se plaintiffs and those represented by experienced counsel." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). "Futility 'means that the complaint, as amended, would fail to state a claim upon which relief could be granted.' " *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 231 (3d Cir. 2011) (quoting *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010)).

### III. DISCUSSION

In the present case, Plaintiff Dade asks to amend the Complaint to add several unknown Defendants, however, this Court finds that adding the names of the unknown Defendants would not cure the Complaint's deficiencies as set forth in its previous Memorandum (ECF No. 13) and that Plaintiff's proposed amendment would, thus, be futile. *Alston*, 363 F.3d at 235 ("[f]utility 'means that the complaint, as amended, would fail to state a claim upon which relief could be granted' ").

When this Court dismissed the Complaint against all Defendants—named and unnamed—on April 11, 2020, it found that Plaintiff had failed to state a claim for which relief could be granted as to all counts. *See* ECF No. 13 at 12–13 ("no set of facts could be adduced [from Plaintiff's Complaint] to support the plaintiff's claim for relief under § 1983 and the Fourteenth Amendment"); *Id.* at 9 n. 1 ("this Court, along with others, is not aware of any authority that would provide a basis for a claim under the Ninth Amendment based on the destruction of an inmate's personal property" (internal citations and quotations omitted); *Id.* at 15 ("no set of facts could be adduced [from Plaintiff's Complaint] to support the plaintiff's claim for relief under § 1983 and the Eighth Amendment"); *Id.* at 17 ("no set of facts could be adduced [from Plaintiff's Complaint] to support the plaintiff's claim for relief under § 1983 and the right of access to courts"). Therefore, granting Plaintiff leave to amend the Complaint to add the names of the previously unnamed Defendants would be futile as it would not change this Court's analysis set forth in its previous Memorandum and Order dismissing the Complaint (ECF Nos. 13, 14). *See also* ECF No. 13 at 17 n. 2. For the same reason, the Court finds it would be futile to allow discovery into the identities of the unnamed Defendants.

## IV. CONCLUSION

For the reasons set forth above Plaintiff Dade's Motions (ECF Nos. 19, 20, 21, 22) are hereby **DENIED**. An appropriate Order follows.

BY THE COURT:

/s/ *Chad F. Kenney*

**CHAD F. KENNEY, JUDGE**